### BLANQUE'S SYNDIC vs. BEALE'S EXS.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court.
The plaintiffs sue on a promissory note of
the defendants' testator. The claim is resist-
ed on the ground, that, in March 1812, after
the note became payable, Beale was imprison-
ed, and obtained the benefit of the act of 1808
–16, for the relief of actual debtors in custody,
and, by a judgment of the superior court of
the late territory, was discharged from custody,
and from all and singular, the debts by him
theretofore contracted. The defendants had
judgment, and the plaintiffs appealed.

It is urged that the act of the territorial le-
gislature, invoked by the defendants and appel-

*The law in
force in this
country, at the
change of gov-
ernment, on the
subject of ces-
sio bonorum, is
not unconstitu-
tional.*

East'n Distritc.
*July,* 1823.

BLANQUE'S
SYNDIC
*vs.*
BEALE'S EXS.

lees, inasmuch as it attempts to discharge a party from the *payment* of his debts, is unconstitutional and void.

This point appears to have been determined, by the supreme court of the United States, in a case, carried thither from the court of the United States for the Louisiana district, pronouncing the unconstitutionality of the law, which was affirmed.

But, independently of the territorial law, the debtor was entitled to his discharge, under the laws which prevailed here, before the cession.

El efecto de esta cesion de bienes es, que el que la hace, despues de hecha, no es obligado a responder en juicio, a los acreedores, a quien deba deudas—*Curia. Phill. p.* 2, § 25, *No.* 10.

By the third article of the treaty of cession, the enjoyment of the benefits of the constitution of the United States, by the inhabitants, is posponed; hence the restrictions which it imposes do not take immediate effect, and the law of congress, which inhibited the territorial legislature from passing any law, contrary to the constitution of the United States, did work no repeal of those in force, at the time of its passage.

East'n District.
July, 1823.

BLANQUE'S
SYNDIC
vs.
BEALE'S EXS.

The reporter of the supreme court of the United States, in his note to the case of *Owings* vs. *Speed*, 5 *Wheaton*, 420, says, that, the provision of the constitution of the United States that, "no state *shall make* any law impairing the obligation of contracts," does not extend to a state law, enacted before the 4th of March, 1789, and operating upon rights of property, vested *before* that time. Hence it is inferred that it operates, in the case of a right vested *afterwards.* The facts of the case shew that the opinion is, according to them, to be so restrained; but there is not any thing, in what fell from the court, that induces a belief that they intended to make any distinction.

An inhibition to pass *new* laws, permitting the issue of paper money, making any thing a tender but gold or silver, imples an intention to tolerate the circulation of a paper currency, already emitted; and the existence of laws making specific articles a tender.

The state of North Carolina, at the adoption of the constitution of the United States, had hardly any metallic medium in circulation. All the gold and silver had disappeared before two large emissions of paper money in 1783 and 1784. Yet this paper continued a tender

East'n District.
*July,* 1823.

BLANQUE'S
SYNDIC
*vs.*
BEALE'S EXS.

after the constitution went into operation, and if it has ceased to be so, it is by the complete redemption of it. On the establishment of banks, in that state, in 1805, a great struggle was made to compel these institutions to pay their notes in gold and silver; but it never entered the mind of any body that they could not, as well as private individuals, tender the paper currency to their creditors.

If this position be correct, the discharge of a debtor from a future liability for antecedent debts, on the surrender of his last farthing, under a law anterior to the act of congress, establishing a territorial legislature, is not to be prevented, by an inhibition to pass a law authorising it.

It is, therefore, ordered, and decreed that, the judgment of the court *a quâ* be affirmed with costs.

*Morel* for the plaintiff, *Duncan* for the defendants.